UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-676-JLS (KK) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Jose Lopez v. William Muniz | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Untimely**

**I.
INTRODUCTION**

On October 26, 2015, petitioner Jose Lopez ("Petitioner") constructively filed[1] a Petition ("Petition") for Writ of Habeas Corpus by a Person in State Custody under Title 28 of the United States Code section 2254 in the United States District Court for the Northern District of California.  See Dkt. 1.  On February 1, 2016, the action was transferred to this Court.  See Dkt. 6, Original File.

Petitioner purports to challenge his 2011 convictions for murder and attempted escape with enhancements for two prior convictions.  Dkt. 1 at 1-2.  Petitioner failed to complete the Petition form and specify grounds for relief.  However, the Petition appears subject to dismissal as untimely.  Accordingly, the Court issues this **Order to Show Cause Why Petition Should Not Be Dismissed as Untimely**, and specifically orders Petitioner to respond in writing on or before **February 23, 2016**.  The Court further directs Petitioner to review the information below, which explains why the Petition

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on October 26, 2015.  See ECF Docket No. (Dkt.) 1, Pet.  Thus, the Court deems October 26, 2015 the filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-676-JLS (KK) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Jose Lopez v. William Muniz | | |

appears subject to dismissal and may assist Petitioner in deciding how to respond.

## II.
## THE PETITION APPEARS UNTIMELY

### A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner states the California Supreme Court denied review of Petitioner's appeal in 2013, but fails to specify a date. See Dkt. 1 at 3. Resolving doubts in Petitioner's favor, the Court assumes for the sake of argument the California Supreme Court denied review of Petitioner's appeal on December 31, 2013. Under this assumption, Petitioner's conviction became final on March 31, 2014, i.e., ninety days after December 31, 2013. See Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, April 1, 2014, and expired on April 1, 2015. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the Petition until October 26, 2015. Dkt. 1 at 6. Therefore, absent any applicable tolling, the Court deems the Petition untimely by over six months. See Thompson, 681 F.3d at 1093.

### B. STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-676-JLS (KK) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Jose Lopez v. William Muniz | | |

limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).

Here, assuming the facts in section II.A. above, AEDPA's one-year limitations period expired on April 1, 2015. <u>See</u> 28 U.S.C. § 2244(d)(1). Petitioner states he "sought relief in any proceeding other than an appeal" in the California Court of Appeal, but fails to specify the filing date. <u>See</u> Dkt. 1 at 3. Petitioner, thus, fails to contend he properly filed any "application for State post-conviction or other collateral review" before April 1, 2015. <u>See id.</u> Therefore, statutory tolling does not render the Petition timely. <u>See Nedds</u>, 678 F.3d at 780.

**C.    EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time . . . during the relevant [limitations] period." <u>Forbess v. Franke</u>, 749 F.3d 837, 839-40 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." <u>Rudin v. Myles</u>, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. <u>See Bills</u>, 628 F.3d at 1097.

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-676-JLS (KK) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Jose Lopez v. William Muniz | | |

### III.
### PETITIONER'S OPTIONS

Petitioner is therefore ordered to show cause why the Petition should not be dismissed without prejudice by electing one of the following options:

(1) If Petitioner contends his action is timely, he should clearly explain in a written response to this Order to Show Cause. Petitioner must file his written response on or before **February 23, 2016**. Petitioner should attach to his response copies of any documents establishing his claims are timely.

In addition, Petitioner should file a First Amended Petition in which he states his purported grounds for relief. **The Clerk of the Court has attached a blank Form CV-69, which Petitioner should use.** Petitioner must provide complete and accurate information as requested. Petitioner must indicate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved Form CV-69.

An amended petition supersedes the preceding petition. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding petitions as nonexistent. Id. Accordingly, the First Amended Petition must be complete without reference to the original Petition, or any other pleading, attachment, or document.

(2) Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a blank Form CV-09, which Petitioner should use.** If Petitioner chooses this option, he must file his dismissal request on or before **February 23, 2016**. The Court advises Petitioner, however, the statute of limitations may time bar any claims Petitioner raises in any subsequent habeas petition. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-676-JLS (KK) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Jose Lopez v. William Muniz | | |

**The Court warns Petitioner failure to timely file a response as directed in this Order will result in this action being dismissed without prejudice for untimeliness, failure to prosecute, and failure to obey court orders.**